**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CLARK ALLEN DAVIS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 10-CV-0404-CVE-FHM |
| | ) |
| **JAMES RUDEK, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 7). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss should be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2007-796. See Dkt. # 1. The record reflects that on October 23, 2007, the state district judge found Petitioner guilty after accepting his pleas of guilty to Trafficking in Illegal Drugs (Count 1), Unlawful Possession of Paraphernalia (Count 2), Improper Right Turn (Count 3), and Driving Without Driver's License on Person (Count 4). See Dkt. # 6, Ex. 1 He was sentenced that day to ten (10) years imprisonment on Count 1, one (1) year in the county jail on Count 2, and assessed fines of $25,000 with $20,000 suspended on Count 1, $250 on Count 2, and $10 on Counts 3 and 4. Id.

Petitioner did not file a motion to withdraw his pleas and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

On August 27, 2008, Petitioner filed a Motion for Judicial Review. Id. By order filed September 15, 2008, the state district judge denied the motion. Id.

On April 24, 2009, Petitioner filed an application for post-conviction relief. Id. The state district court denied the application by order filed May 20, 2009. Id. Petitioner appealed to the OCCA, and by order filed August 27, 2009, in Case No. PC-2009-554, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 6, Ex. 2.

Petitioner commenced this habeas corpus action on June 23, 2010. See Dkt. # 1. In response to the petition, Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 5 and 6.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2004-74, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on November 2, 2007. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction began to run on November 2, 2007. Absent a tolling event, a federal petition for writ of habeas corpus filed after November 3, 2008, would be untimely.[1] See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not filed until June 23, 2010. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent

---

[1]November 2, 2008, fell on a Sunday. Thus, Petitioner's deadline for filing a petition for writ of habeas corpus was Monday, November 3, 2008. See Fed. R. Civ. P. 6(a).

3

judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. The motion for judicial review was filed on August 27, 2008, or before the limitations deadline, and denied on September 15, 2008. That proceeding was not, however, a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

Petitioner's application for post-conviction relief was not filed until April 24, 2009, or more than five (5) months after the November 3, 2008, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on June 23, 2010, appears to be untimely.

Petitioner filed a response (Dkt. # 7) to the motion to dismiss. He claims that he is entitled to equitable tolling because of a medical disability, severe diabetes. He also complains of having limited access to a law library while confined in the Tulsa County Jail and that he received no advice from his attorney during the ten day period after being sentenced on his pleas of guilty. As a result, he alleges he was denied a direct appeal through no fault of his own.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's vague and conclusory statement concerning his lack of access to legal resources is insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978. The Court also recognizes that Petitioner appears *pro se* and avers that he is unfamiliar with the law. See Dkt. # 7. However, Petitioner's conclusory statement concerning his lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978.

As to Petitioner's claim of medical disability, the Court finds Petitioner has not demonstrated that he was so incapacitated during the limitations period that he was incapable of pursuing his claims. He provides no medical records or other documentation suggesting that between November 2, 2007, and November 3, 2008, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). While the Court sympathizes with Petitioner's health problems, the Court nonetheless concludes that Petitioner did not diligently pursue his federal habeas corpus claims. Worley v. Lytle, 221 F.3d 1354 (10th Cir. 2000) (unpublished) (tolling would be allowed only under "exceptional circumstances," such as an adjudication of incompetency, institutionalization based on the alleged mental incapacity, or incapacitation to the degree that the litigant is unable to pursue his or her suit).[2] Petitioner simply waited too long to begin post-conviction proceedings and to file this habeas corpus petition. As a result, Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

The Court concludes that Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

---

[2]Unpublished opinion cited for persuasive value. See 10th Cir. R. 32.1(A).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

**DATED** this 8th day of February, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT